IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

TRACY McDERMOTT, et al

      Plaintiffs,

v.                                                                         CV 08-PT-2056-M

FIRST AMERICAN BANK

      Defendant.

## MEMORANDUM OPINION

The matter before this Court is Defendant RBC Bank (USA)'s ("RBC") Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). (Doc. 3.)

The Plaintiffs' complaint makes the following claims:

(1) Count One - Fraud

Plaintiffs make only general allegations of misrepresentations.

(2) Count Two - Suppression of Material Fact

Plaintiffs make only general allegations of suppression of material facts.

(3) Count Three - Breach of Contract

Plaintiffs make only general allegations of breach of contract for "failure to deliver the property as described in the warranty deed." Apparently the property as described in the deed was delivered. Further, there are no allegations as to the nature, form or contents of any alleged contract unless the Plaintiffs deem the deed to be the contract.[1]

(4) Count Four - Breach of Warranty.

---

[1] There is a question as to whether an oral contract to purchase realty is enforceable by either party.

See (3) above. Further, the "as is" etc. clauses were exceptions in the deed.

(5) Count Five - Wantonness

The Plaintiffs should be prepared to cite cases which have held that the doctrine of wantonness applies to real estate conveyances.

Defendant RBC moves this Court to dismiss Plaintiffs' complaint on the following grounds, each of which will be addressed in turn. First, Defendant argues that Plaintiffs' tort claims are barred by the defense of *caveat emptor*. Second, Defendant asserts that Plaintiffs' "claims" are barred by the "as is," etc. disclaimer clauses in the statutory warranty deed.[2] Third, Defendant asserts that Plaintiffs' fraud claim should be dismissed for failure to plead with particularity under Fed. R. Civ. P. Rule 9(b). RBC also argues that Plaintiffs' fraudulent suppression claim should be dismissed because it does not sufficiently allege a duty to disclose.

    III.    Motion to Dismiss.

    A.      Standard

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

---

[2] A motion to dismiss under Rule 12(b)(6) should be converted into a motion for summary judgment if documents outside of the "four corners of the complaint" are considered. However, "'where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal . . . ." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (quoting *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). The deed is central to the Plaintiffs' claim and was filed with the complaint in the action's origination in state court prior to removal. Therefore, this Court may refer to the deed without converting this motion into one for summary judgment.

cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[3] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, a complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory. *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967).[4]

Additionally, the Eleventh Circuit has held that "[g]enerally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under

---

[3]The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*. *See Bell Atl. Corp.*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S. Ct. at 1969.

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays American/Credit,* Inc., 727 F.2d 1067, 1069 (11th Cir. 1984). *See also generally* 5 Wright & A. Miller, Federal Practice and Procedure 3d § 1277 (2004). The claim may be adequately stated, but, in addition to the claim, the complaint may include matters of avoidance that preclude the pleader's ability to recover. *Quiller*, 727 F.2d at 1067. "When this occurs, the complaint has a built-in defense and is essentially self-defeating." *Id.* "'[T]he problem is not that plaintiff merely has anticipated and tried to negate a defense he believes his opponent will attempt to use against him; rather plaintiff's own allegations show that the defense exists.'" *Id.* (citing 5 Wright & Miller, Federal Practice & Procedure § 1357 (1969)).

Finally, for claims involving fraud, the heightened pleading standard under Fed. R. Civ. P. 9(b) governs. A complaint satisfies Rule 9 if it sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of ommissions, not making ) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*U.S. ex rel Clausen v. Lab. Corp. Of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002).

B. Discussion

Defendant RBC has extensively discussed in its brief why Plaintiffs' tort claims should be barred under Alabama's doctrine of *caveat emptor*. It is not clear whether the assertion of *caveat emptor* is or is not an affirmative defense under Alabama law. *See* BLACK'S LAW DICTIONARY 430 (7th ed. 1999) (defining "affirmative defense" as "[a] defendant's assertion raising new facts and

arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true.") If it is an affirmative defense, Defendant's argument is not properly raised in a motion to dismiss under *Quiller* unless the face of the complaint (or incorporated documents) is "self-defeating." Defendant has not pointed to any such "self-defeating" allegations in the complaint. Defendant does, however, cite several cases for the proposition that Plaintiffs' tort claims in this case will ultimately be barred under the *caveat emptor* doctrine. Every favorable case Defendant cites is a summary judgment opinion, not an opinion addressing a motion to dismiss, and, as such, provides little assistance for deciding a Rule 12(b)(6) motion. The court does not reach the *caveat emptor* issue.

Defendant also argues that the "as is" etc. clauses in the deed (which is incorporated by reference in the complaint) is a bar to a viable fraud and/or fraudulent suppression claims because such clauses "negate the element of reliance." (Defendant's Memorandum in Support of Its Motion to Dismiss, Doc. 4.) (citing *Clay Kilgore Construction, Inc. v. Buchalter/Grant, LLC*, 949 So. 2d 893, 898 (Ala. 2006)).

RBC's assertion that Plaintiffs fail to adequately plead claims involving fraud under Fed. R. Civ. P. 9(b) are meritorious. Plaintiffs generally state that defendants "misrepresented material facts" and that Plaintiffs relied on these misrepresentations. (Complaint ¶¶ 15-16; 21-22, Doc. 1) Outside of these conclusory statements, Plaintiffs do not point to, nor does the complaint reveal, any specific factual allegations that would satisfy Rule 9 in light of *Clausen*. The complaint is devoid of specificity as to what fraudulent statements were made (or omitted), who made them, when these statements were made (or omitted), or what the content of these statements were. Accordingly, Plaintiffs' claims for fraud and fraudulent suppression are insufficient under Rule

9.[5]

The court also concludes that the complaint is deficient with regard to all other alleged claims. The suppression claim has the same defect as the fraud claim. The contract claim is deficient for failing to allege the nature, form, content, etc. of the alleged contract. The same applies to the breach of warranty claim. The wantonness claim is deficient for failure to state the supporting facts.[6] The court notes from Defendant's foreclosure notice that Defendant was aware of the fact that construction was not complete. The Plaintiffs, however, did not buy at foreclosure.

The Defendant's Motion to Dismiss will be granted. The Plaintiffs will be given fifteen (15) days to amend.[7]

This the 18th day of December, 2008.

*Robert B. Propst*

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] See full requirements of *Clausen*.

[6] There is also a question of whether real estate transactions can create wantonness claims.

[7] The issues may ultimately be more appropriately addressed by a Motion for Summary Judgment.